UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ROBERT SCOTT,
CDCR #AK5483,

Plaintiff,

vs.

JAMES HILL, S. ROBERTS, GAIL MESSLER, DAVID GULDSETH, DAVID CLAYTON, JAMES E. BATES, MARK JACOBSON, AMIR MOHAMED, PEYMAN SHAKIBA,

Defendants.

Case No.:  3:24-cv-2400-WQH-MSB

**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PROSECUTE**

HAYES, Judge:

On December 17, 2024, Robert Scott ("Plaintiff") filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and a Motion to Proceed In Forma Pauperis ("IFP Motion"). (ECF Nos. 1–2.) On May 27, 2025, the Court granted Plaintiff's IFP Motion but dismissed the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (ECF No. 4.)

On August 11, 2025, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 7.) On December 1, 2025, the Court dismissed Plaintiff's FAC without prejudice for again failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (ECF

1

No. 8.) The Court granted Plaintiff leave to file a Second Amended Complaint ("SAC") no later than January 15, 2026. *Id.* at 12. The Court cautioned Plaintiff that a failure to respond to the Court's dismissal Order (ECF No. 8) by filing a SAC would result in the Court entering a final Order of dismissal of this action. *Id.* at 12–13.

The docket reflects that Plaintiff has not filed a SAC. "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (stating that courts have discretion to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the Federal Rules or court order).

IT IS HEREBY ORDERED that this civil action is dismissed in its entirety based on Plaintiff's failure to state a plausible § 1983 claim and his failure to prosecute this action. The Clerk of the Court shall enter a final judgment of dismissal and close the case.

Dated:  February 27, 2026

Hon. William Q. Hayes
United States District Court